UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH LAUREN CORPORATION,

                       Plaintiff,

  -v-

THE CSR GROUP, INC.

                       Defendant.

No. 16-cv-3387 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

       Plaintiff Ralph Lauren Corporation ("Ralph Lauren"), a publicly traded holding company headquartered in New York, New York and incorporated in Delaware, brings this action against Defendant The CSR Group, Inc. ("CSR"), a Georgia corporation, for monies owed on a series of transactions between the parties. (Doc. No. 40 ("FAC") ¶¶ 1–3.) Now before the Court is CSR's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. No. 43.) For the reasons that follow, CSR's motion is denied.

## I. BACKGROUND[1]

       One need not be a fashionista to know that Ralph Lauren is a world-renowned clothing company, with an assortment of brands and products. Between 2009 and 2016, Ralph Lauren regularly sold and delivered merchandise to CSR, a mail order merchandiser which in turn resold Ralph Lauren's merchandise to its retail customers, including some in New York. (FAC ¶ 7; Aff.

---

[1] The following facts are taken from the First Amended Complaint (Doc. No. 40), which the Court assumes to be true for the purposes of this motion. In deciding CSR's motion to dismiss for lack of personal jurisdiction, the Court has considered CSR's pre-motion letter in support of dismissal (Doc. No. 14 ("Def. Letter")), Ralph Lauren's response letter (Doc. No. 19 ("Opp'n")), CSR's memorandum of law in support of its motion (Doc. No. 44 ("Mem.")), and the affidavit of Gregory Smith submitted by CSR (Doc. No. 45 ("Aff.")).

¶ 17.)  This dispute concerns a series of purchases that took place between February 25, 2015 and February 17, 2016, for which CSR still owes Ralph Lauren $1,412,445.14.  (FAC ¶¶ 8, 10.)

Ralph Lauren alleges that during the course of the parties' seven-year-long business relationship, CSR, through its president and chief financial officer, Greg Smith, "regularly negotiated and consummated purchase orders" for hundreds of thousands of dollars' worth of Ralph Lauren's merchandise with Ralph Lauren employees "permanently located in New York City."  (*Id.* at ¶ 6.)  Specifically, Ralph Lauren points to an email sent on January 8, 2016 by Mr. Smith to Jeffrey Wheeler, who worked in Ralph Lauren's New York City office, which enclosed eighteen purchase orders, including several purchase orders that are at issue in this suit.  (*Id.*)  In total, CSR purchased through Mr. Wheeler $464,720.58 in goods that are the subject of this action.  (FAC ¶ 6; *see also* Doc. No. 40–1 at 6, 23, 24, 26, 28, 30.)  Ralph Lauren also alleges that CSR resold merchandise purchased from Ralph Lauren to customers in New York.  (FAC ¶ 7.)  CSR appears to dispute the frequency of its communications with Ralph Lauren's New York-based employees and the fact that it resold Ralph Lauren's merchandise to customers in New York.  (Aff. ¶¶ 12–13, 29.)

On May 6, 2016, Ralph Lauren filed suit seeking to recover the amount due for the goods sold and delivered to CSR.  (Doc. No. 1.)  After Ralph Lauren amended its complaint on July 1, 2016 (Doc. No. 40), CSR filed a motion to dismiss the complaint for lack of personal jurisdiction on July 15, 2016 (Doc. Nos. 41, 43).  On July 25, 2016, the Court ordered Ralph Lauren not to respond unless otherwise ordered to do so by the Court.  (Doc. No. 46.)

## II.  LEGAL STANDARD

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss."  *Whitaker v. Am. Telecasting,*

*Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  However, "the nature of the plaintiff's obligation varies depending on the procedural posture of the litigation."  *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).  "[W]here a court rules on a 12(b)(2) motion based on pleadings and affidavits, the plaintiff is only required to make a *prima facie* showing of jurisdiction over the defendant."  *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 440 (S.D.N.Y. 2008); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).  Moreover, "[f]or the purpose of resolving a 12(b)(2) motion, a district court must construe the pleadings and affidavits in the light most favorable to the plaintiff."  *Dean St. Capital Advisors, LLC v. Otoka Energy Corp.*, No. 15-cv-824 (RJS), 2016 WL 413124, at *2 (S.D.N.Y. Feb. 1, 2016) (citing *Chloe*, 616 F.3d at 163).  Thus, a Rule 12(b)(2) motion "assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency."  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (quoting *Ball*, 902 F.2d at 197).

A federal district court sitting in diversity may exercise personal jurisdiction over the parties to the same extent as a state court of general jurisdiction in the state in which the federal court sits.  Fed. R. Civ. P. 4(k)(1)(A); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).  Accordingly, in diversity actions, federal courts in New York analyze motions made pursuant to Federal Rule of Civil Procedure 12(b)(2) in a two-step process.  "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant."  *Bank Brussels Lambert*, 305 F.3d at 124.  Second, "[i]f . . . there is a statutory basis for jurisdiction, the court must then determine whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment."  *Id.*

III. DISCUSSION

Here, Ralph Lauren asserts that personal jurisdiction is proper pursuant to Section 302(a)(1) of New York's Long-Arm Statute, which authorizes jurisdiction over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). In determining whether a defendant is subject to the exercise of the specific jurisdiction of a New York court pursuant to § 302(a)(1), courts must determine: "(1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and brackets omitted). The first test focuses on whether defendant has engaged in "purposeful activity," meaning "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotation marks omitted). With respect to the second factor, there must be an "articulable nexus or substantial relationship between the business transaction and the claim asserted." *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (2012)). Even so, New York courts do not "require a causal relationship between the business transaction and the claim asserted; it is enough that 'the latter is not completely unmoored from the former.'" *Id.* at 93–94 (quoting *Licci*, 20 N.Y.3d at 339).

Construing the pleadings and the affidavit in the light most favorable to Ralph Lauren, the Court finds that the first factor is satisfied. As CSR's president, Mr. Smith, concedes, CSR "continuously, systematically, and regularly" purchased merchandise from Ralph Lauren from 2009 through 2016. (Aff. ¶ 17.) During this time period, CSR "regularly negotiated and consummated" purchase orders for hundreds of thousands of dollars' worth of clothing with Ralph

4

Lauren's employees based in New York City. (FAC ¶¶ 6–8.) Courts have consistently found that a non-domiciliary's long-standing and continued contractual relationship with a New York-based business weighs significantly in favor of finding purposeful availment. *See Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 685 (E.D.N.Y. 2005) (finding that a defendant's decision to enter into an "ongoing contractual relationship" with a plaintiff who was a resident of New York weighed in favor of finding personal jurisdiction). While CSR underscores that it has no physical presence in New York and that its employees never traveled to New York (Aff. ¶¶ 7–10), these arguments are of no moment, since CSR sent emails and made telephone calls to New York in order to purchase merchandise from Ralph Lauren, *see Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 30 (2d Cir. 1996) (questioning "whether, in an age of e-mail and teleconferencing, the absence of actual personal visits to the forum is any longer of critical consequence"); *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 388 (S.D.N.Y. 2012) ("Physical presence . . . is neither dispositive nor critical to establishing personal jurisdiction.").

Relatedly, Ralph Lauren also alleges that CSR resold Ralph Lauren merchandise to customers in New York, a fact that also weighs in favor of finding that CSR purposefully availed itself of the privilege of conducting activities within New York. (FAC ¶ 7); *see also Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008) (first prong under Section 302(a)(1) met where defendants sold merchandise directly to customers in New York "on at least a dozen occasions"). While CSR disputes this allegation (Aff. ¶ 29), the Court must, at this stage of the proceedings, accept Ralph Lauren's allegation as true and construe the pleading and affidavit in the light most favorable to Ralph Lauren, *see Chloe*, 616 F.3d at 163.

Accordingly, the Court finds the factual allegations contained in the Amended Complaint sufficient to demonstrate that CSR knowingly projected itself into New York by placing purchase orders and negotiating with Ralph Lauren's employees based in New York and by reselling Ralph Lauren merchandise to New York customers.  In other words, CSR transacted business in this State by "purposefully avail[ing] itself of the privilege of conducting activities" within it.  *Best Van Lines, Inc.*, 490 F.3d at 246.

To support its argument in favor of dismissal, CSR attempts to analogize this case to *Kimco Exch. Place Corp. v. Thomas Benz, Inc.*, in which the Second Department ruled that defendants' acts of faxing contracts that had already been executed by the parties and "making a few telephone calls do not qualify as purposeful acts constituting the transacting of business" in New York.  824 N.Y.S.2d 353, 354 (N.Y. App. Div. 2006).  The court found that these acts were "merely attempts to contact the plaintiff," and thus did not demonstrate "purposeful availment of the New York forum."  *Id.*  Based on *Kimco*, CSR conclusorily asserts that:  "[i]t cannot be said that by sending an email with purchase orders attached thereto, in response to solicitations from [Ralph Lauren's] New York employee (Jeff Wheeler), that [CSR] has sought to invoke the benefits and protections of New York law."  (Mem. at 6.)

CSR's argument falls well short of the mark.  As the Second Circuit has underscored, New York's Long-Arm Statute "is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted."  *Chloe*, 616 F.3d at 170 (citation and quotation marks omitted). CSR did not send Wheeler an e-mail merely as an attempt to contact him.  CSR sent Wheeler an e-mail to transmit purchase orders to Ralph Lauren, a critical step in the business transactions

6

between CSR and Ralph Lauren that are the subject of this lawsuit.  CSR's decision to send Wheeler its purchase orders was therefore purposeful and voluntary business activity directed at New York, and, according to the Amended Complaint, was part of a larger pattern of telephonic and electronic communications between CSR and Ralph Lauren's agents in New York in which the parties "regularly negotiated and consummated purchase orders."  (FAC ¶ 6–7); *see Matera*, 355 F. Supp. 2d at 685 (finding that when a defendant frequently communicates "via written communications, e-mail, and telephone" with a New York entity, personal jurisdiction may be exercised by a New York court even if a defendant "never set foot within the confines" of the state).  Clearly, CSR transacted business in New York for the purposes of New York's Long-Arm Statute.

As for whether "[t]his cause of action arises from such a business transaction," *Best Van Lines, Inc.*, 490 F.3d at 246 (internal quotation marks and brackets omitted), the pleadings make clear that CSR transacted business in New York *concerning the specific goods at issue*.  Ralph Lauren alleges that CSR purchased $464,720.58 in goods that are the subject of this action through the New York City-based Mr. Wheeler, a point CSR effectively concedes in its brief.  (FAC ¶ 6; *see also* Mem. at 3–4.)  In fact, several of the invoices attached to Ralph Lauren's Amended Complaint list "Jeffrey Wheeler" as the salesperson.  (*See* Doc. No. 40–1 at 6, 23–24, 26, 28, 30.)  Thus, the Court has little difficulty finding an "articulable nexus" and a "substantial relationship" between CSR's transactions in New York and Ralph Lauren's claims in this action.  *See Gucci Am., Inc.*, 135 F. Supp. 3d at 93.  Therefore, both factors of the two-part jurisdictional test are met, and this Court has personal jurisdiction over CSR under N.Y. CPLR § 302(a)(1).

Having found a statutory basis for jurisdiction under New York law, the Court next turns to whether New York's exercise of jurisdiction is permissible as a matter of due process.  As the

Second Circuit has explained, "[t]he due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). With respect to minimum contacts, the Court must inquire whether the defendant "'purposefully directed' [its] activities at . . . the forum and [whether] the litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Gucci Am., Inc.*, 135 F. Supp. 3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In evaluating reasonableness, courts are instructed to consider: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Chloe*, 616 F.3d at 164. The Second Circuit has held that where a plaintiff makes a threshold showing of minimum contacts "a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Bank Brussels Lambert*, 305 F.3d at 129 (internal quotation marks omitted). In fact, where the requirements of New York's Long-Arm Statute have been satisfied, the exercise of personal jurisdiction is almost always consistent with due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) (noting the absence of any "decisions in this Circuit" where the requirements of New York's Long-Arm Statute were met but the exercise of specific jurisdiction was found to violate due process); *Gucci Am., Inc*, 135 F. Supp. 3d at 97 (noting that such cases are "unprecedented in this Circuit").

Here, the Court finds that Ralph Lauren's allegations easily satisfy the minimum contacts inquiry, since CSR purposefully directed its activities at New York through (1) its longstanding

business relationship with Ralph Lauren, a New York-based company, (2) its emails and phone calls into New York for the purpose of soliciting Ralph Lauren's business, and (3) CSR's resales of Ralph Lauren's merchandise to customers in New York. The Court also finds that CSR has not presented a compelling case that other relevant factors make the exercise of personal jurisdiction unreasonable. In fact, CSR's only argument on this issue is totally conclusory. (*See* Mem. at 5 (arguing that "the maintenance of the herein civil action offends the traditional notions of fair play and substantial justice").)

Accordingly, the Court finds that Ralph Lauren has made a *prima facie* case that this Court may exercise personal jurisdiction over CSR, which is all it is required to do at this stage in the litigation. Of course, after further discovery, CSR may renew its motion to dismiss for lack of personal jurisdiction if it wishes to do so. *See Evergreen Media Holdings, LLC v. Warren*, 105 F. Supp. 3d 192, 196 (D. Conn. 2015) ("Where a plaintiff defeats a motion to dismiss through a prima facie showing of jurisdiction, the defendant may be permitted to renew the motion after discovery is completed, at which point jurisdiction is determined on the basis of the evidence in the record."); *United Mizrahi Bank Ltd. v. Sullivan*, No. 97-cv-9282 (LMM), 2000 WL 1678040, at *2 (S.D.N.Y. Nov. 6, 2000) (same).[2] But for now, Ralph Lauren may proceed with its action against CSR in this forum.

---

[2] CSR has not moved to dismiss this action on the basis of improper venue, despite indicating in its pre-motion letter that it intended to do so. (Def. Letter at 1.) Even if CSR had made such a motion, the Court would have denied it, since the Court has already found that Ralph Lauren has made a *prima facie* showing of personal jurisdiction and that "a substantial part of the events giving rise to . . . [P]laintiff's complaint took place in New York." *Morgan Stanley & Co. v. Seghers*, No. 10-cv-5378 (DLC), 2010 WL 3952853, at *1 (S.D.N.Y. Oct. 8, 2010) (noting that "[t]he legal standard for a motion to dismiss under Rule 12(b)(3) for improper venue is the same as for a motion to dismiss based on a lack of personal jurisdiction."); *see also* 28 U.S.C. § 1391(b)(2) (Court's exercise of venue proper in district where "a substantial part of the events or omissions giving rise to the claim occurred.").

## IV. Conclusion

For the foregoing reasons, the Court DENIES CSR's motion to dismiss for lack of personal jurisdiction. The Clerk is respectfully directed to terminate the motion pending at docket number 43. The parties are reminded of their September 30, 2016 deadline to complete fact discovery and of their October 31, 2016 deadline to complete all discovery. (Doc Nos. 39, 49.) The Court will not extend these deadlines absent highly compelling and unforeseen circumstances.

SO ORDERED.

DATED:    September 14, 2016
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/16