USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH LAUREN CORPORATION,

                Plaintiff,

-v-

THE CSR GROUP, INC.

                Defendant.

No. 16-cv-3387 (RJS)
MEMORANDUM & ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiff Ralph Lauren's request that this Court enter a confession of judgment against Defendant CSR Group ("CSR") as a result of Defendant's failure to comply with the terms of a settlement agreement, which required Defendant to make an installment payment on March 30, 2017. Whether the Court can enter the requested judgment in this case, or otherwise mandate that CSR make its obligatory payment, turns on whether this case is properly before the Court. The Court concludes that it is not and declines to enter the confession of judgment at this time.

    Ralph Lauren commenced this action on May 6, 2016 for monies owed on a series of transactions between the parties. (Doc. Nos. 1, 40.) On October 5, 2016, the parties filed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (Doc. No. 58), which the Court signed and entered later that day (Doc. No. 59). Neither party requested, and the Court's order did not include, language authorizing the Court to retain jurisdiction to enforce the settlement agreement.

    On April 6, 2017, Plaintiff wrote to the Court, reporting CSR's failure to comply with the settlement agreement and requesting that the Court enter a confession of judgment against CSR. (Doc. No. 62.) CSR responded on April 11, 2017, arguing that because the stipulation of dismissal between the parties did not contain language retaining the Court's jurisdiction over the settlement

agreement, the Court lacked jurisdiction to enter the judgment pursuant to the Supreme Court's holding in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 382 (1994). On April 13, 2017, Plaintiff replied, asserting that because the parties are diverse and the amount in controversy exceeds $75,000, diversity jurisdiction under 28 U.S.C. § 1332 provides the jurisdictional basis for the Court to retain jurisdiction over enforcement of the settlement agreement and to enter the confession of judgment. But while diversity jurisdiction provides the requisite basis for a federal court, as opposed to a state court, to enforce the settlement agreement, Plaintiff overlooks the crucial distinction that exists between a dispute that can be brought in federal court and a dispute that can be brought directly to the previously assigned judge in a closed case, effectively reopening it.

In *Kokkonen*, the Supreme Court unanimously held that the district court lacked jurisdiction to enforce a settlement agreement in a closed case in which the court did not expressly retain jurisdiction to do so. 511 U.S. at 382. Noting that "[f]ederal courts are courts of limited jurisdiction," *id.* at 377, the Court concluded that because the breach of the settlement agreement is fundamentally "a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit," no federal law authorized "federal-court jurisdiction over the contract dispute," *id.* at 381. The Court allowed that if the parties to a settled lawsuit wished the federal court to retain jurisdiction over settlement disputes, they were free to provide for ancillary jurisdiction by making sure that the district court's order of dismissal "either (1) expressly retain[ed] jurisdiction over the settlement agreement, or (2) incorporate[ed] the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015); *see also Kokkonen*, 511 U.S. at 381–82. "Absent such action," however, the Court concluded that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

Here, the order of dismissal signed by the Court neither expressly retained jurisdiction nor incorporated the terms of the settlement agreement. (*See* Doc. No. 59.) And while there is no question that parties satisfying the citizenship and amount-in-controversy requirements of § 1332

2

are entitled to bring a suit in federal court – even if the dispute arises out of a breached settlement agreement lacking *Kokkonen*'s specific jurisdiction-retaining language – such a dispute must be brought as a new, independent lawsuit. Accordingly, the Court concludes that Plaintiff must file a new complaint to enforce this settlement. *Accord Shanghai China Garments J & Y Imp. & Exp. Corp. v. Brooks Fitch Apparel Grp.*, No. 11-cv-2363 (JCF), 2013 WL 1499378, at *3 (S.D.N.Y. April 11, 2013) ("Even if there were an independent basis of jurisdiction – diversity, for example – the plaintiff could not simply file a motion for enforcement in this closed case, but would be required to commence a new action.").

The Court recognizes that there is a degree of formalism in requiring Plaintiff to file a new complaint in federal court in order to enforce the settlement agreement. In fact, there is reason to believe that, if Plaintiff were to file its claim in the Southern District of New York, the new case would likely be assigned to my docket as related to the previously disposed-of case between the same parties. *See* Rule 13, Rules for Division of Business Among District Judges in the Southern District of New York. Perhaps for this reason, other courts outside this Circuit have "approved summary enforcement of settlement agreements 'in order to promote the . . . speedy and reasonable resolution to disputes,' . . . a benefit that accrues regardless of the source of jurisdiction." *Limbright v. Hofmeister*, 566 F.3d 672, 675 (6th Cir. 2009) (first alteration in original) (quoting *Bobonik v. Medina Gen. Hosp.*, 126 F. App'x 270, 273 (6th Cir. 2005))); *see also Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) ("*Kokkonen* is about adjudicatory competence, not the number of filing fees a plaintiff must pay.").

Significantly, the Second Circuit has not adopted this functionalist approach, and it is far from clear that it would. In fact, just two years ago, the Second Circuit reaffirmed a precise reading of *Kokkonen* and clarified that the mere desire to place a judicial imprimatur on a settlement agreement was insufficient to support ancillary jurisdiction absent the express retention of such jurisdiction. *See Hendrickson*, 791 F.3d at 354. The other intra-Circuit cases Plaintiff points to are unpersuasive. In *Nicholas v. City of New York*, for example, a magistrate judge in the Eastern District determined that the court had jurisdiction to consider a motion for attorney's fees arising

3

from the plaintiff's attempt to bring a Rule 60 motion and reopen the case – regardless of the dismissal order's lack of jurisdiction-retaining language – because the parties satisfied the requirements of § 1332 diversity jurisdiction. No. 07-cv-134 (SJ) (PK), 2016 WL 4939347, at *4 (E.D.N.Y. Aug. 30, 2016), *report and recommendation adopted*, 2016 WL 4926177 (E.D.N.Y. Sept. 15, 2016). But *Nicholas* is not controlling authority and is, in any event, unconvincing, since it relied on two Second Circuit cases the Court does not read to support the outcome reached in that case. The first of these – *NSI International v. Mustafa* – is a summary order from the Second Circuit wherein the court concluded that the district court had jurisdiction to enforce a settlement agreement because of the parties' diversity. *See* 613 F. App'x 84, 85 (2d Cir. 2015). However, that case – unlike this one – was initiated in federal court for the purpose of enforcing the settlement agreement; that is, the case began as a new matter alleging a breach of the settlement agreement and not as a motion to enforce a settlement agreement tacked onto a closed case. *See NSI Int'l, Inc. v. Mustafa*, No. 12-cv-5528 (JFB) (AKT), 2014 WL 1232941, at *1 (E.D.N.Y. Mar. 26, 2014). The second case relied on in *Nicholas* – *United States v. Erie County* – is a 2014 Second Circuit case that includes a favorable citation to out-of-Circuit cases allowing diversity jurisdiction to provide the basis for district courts' summary enforcement of settlement agreements. 763 F.3d 235, 240 (2d Cir. 2014). However, *Erie County* primarily considered the question of whether certain judicial documents should be sealed, and its attention to district court jurisdiction over settlement agreements was collateral to that main issue and is dicta. Furthermore, the *Erie County* Court did not face the same jurisdictional issue presented here, since the settlement order entered by the district court had explicitly retained ancillary jurisdiction. *See id.*

Here, the settlement agreement between the parties did not provide for this Court to retain jurisdiction over its enforcement, and Plaintiff is not entitled to proceed as if it did. In fact, the parties' settlement agreement seems to embody conflicting expectations regarding where disputes of this kind would be adjudicated, with the confession of judgment referring to Georgia state court, and the settlement agreement referring to state or federal courts in New York. (*See* Doc. No. 65 at 2–3; Doc. No. 68 at 2–3.) Put simply, if the parties wished to ensure that all settlement disputes

4

would be resolved by this Court, they could easily have included *Kokkonen* language in the stipulation of dismissal they submitted to the Court. They did not, presumably because they could not reach such an agreement. As a result, enforcement of their settlement contract must proceed as a new action – either here or in Georgia or in some other jurisdiction – and not as a resuscitation of this closed case. That is the natural consequence of the contract they negotiated, and any other result would be inconsistent with the limited nature of federal court jurisdiction, the language of *Kokkonen*, and general principles of contract law.

For these reasons, the Court declines to enter the confession of judgment requested by Plaintiff. The Clerk of the Court is respectfully directed to terminate the motions pending at docket numbers 65 and 69.

SO ORDERED.

Dated: April 27, 2017
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE